FILED
CLERK, U.S. DISTRICT COURT

JAN 23 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH KEELAGHAN,<br><br>        Plaintiff,<br><br>   v.<br><br>TAURUS HAMILTON,<br>AND DOES 1 THROUGH 10,<br><br>        Defendants. | NO. CV 14-237 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING**<br><br>**IMPROPERLY-REMOVED ACTION** |

The Court summarily remands this unlawful detainer action to state court summarily because defendant TAURUS HAMILTON ("Defendant") removed it improperly.

On January 10, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Defendant's notice of removal asserts that removal is proper under 28 U.S.C. § 1443(1) which authorizes the removal of a state civil action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" "[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow." Davis v. Superior Court of California, 464 F.2d 1272, 1273 (9th Cir. 1972). A removal petition under section 1443(1) must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. (citation omitted). Second, petitioner must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam), and citing City of Greenwood v. Peacock, 384 U.S. 808, 824-828 (1966).

Here, defendant alleges that removal is proper under section 1443(1) due to "denial of due process in Unlawful Detainer" and further claims that his "rights to equal protection under the law are non-existent in state court unlawful detainer actions." (Notice at 2, 4). Even assuming that defendant's bald allegation of an "equal protection" violation satisfied his obligation to

2

allege "rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights," defendant has not alleged that the state courts will not enforce those rights with reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Patel, 446 F.3d at 999; Golden Union Properties, LLC v. Amesquita, 2011 WL 321095, at *4 (C.D. Cal. Jan. 26, 2011) (remanding the case to state court because defendant's allegation that his "[c]onstitutionally guaranteed rights to due process and a fair hearing" were "abrogated or rendered non-existent" by an unlawful detainer action were "insufficient to invoke the court's jurisdiction under § 1443," and collecting cases).

Moreover, defendant does not allege that complete diversity of citizenship exists between the parties and he cannot satisfy the requirement that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Even if there was complete diversity of citizenship between the parties, defendant has not established that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). On the contrary, the unlawful-detainer complaint, filed on November 19, 2013, recites that the amount in controversy does not exceed $10,000, and the prayer for relief alleges a past due rent of $6,800 and $36.37 per day from December 1, 2013 for each day that defendants remain in possession through entry of judgment. Accordingly, defendant has not met his burden of proving that the jurisdictional amount is in excess of $75,000. See 28 U.S.C. §§ 1332, 1441(b. Moreover, the underlying unlawful detainer action does not raise any federal legal question. Nor does it appear that federal law is a necessary element of any of plaintiff's claims.

3

See 28 U.S.C. § 1331. Accordingly, the Court lacks subject matter jurisdiction over the instant action and removal of this action is therefore improper. See 28 U.S.C. § 1441(a).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County Of Los Angeles, 1725 Main Street, Santa Monica, California 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: January 17, 2014

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE